George Andrews, J.,
delivered tlie opinion of the Court.
The firm of Shepard & Maxwell/ of which complainant was a member, made their promissory note to Brock-man & Porter, who indorsee! to Owen, Lane & Dyer. Owen, Lane & Dyer recovered judgment on this note against A. L. Maxwell, one of the makers, and Brock-man & Porter, the iudorsers, in the Circuit Court for Davidson county.
Messrs. Fosters & McEwin were the attorneys for the plaintiff in the action in which the judgment was rendered. Maxwell filed liis bill against Brockman & Porter, in the Chancery Court at Clarksville, for the purpose of settling some equities between them, and in some way procured an injunction against the collection of this judgment.
In May, 1860, and while the Chancery suit at Clarks-ville was pending, Brockman & Porter sent one Hen-ning, as their agent, to Nashville, who, on behalf of his principals, paid the amount of said judgment to Foster & McEwin, the attorneys for the plaintiff in the judgment, and by direction of Brockman & Porter, caused Foster & McEwin to execute to him, Henning, an assignment of the judgment. The money to make this payment was furnished by Brockman & Porter; and the assignment to Henning was made for their benefit, he having no interest in it; the intention being to prevent satisfaction of the judgment being entered of record, that Brockman & Porter might make use of it in some manner in their pending litigation with Shepard & Maxwell. *632 The nature of this transaction was explained by Hen-ning to Fosters & McEwin; but Owen, Lane & Dyer, knew nothing of this payment at the time, and had not given any special authority to Fosters & McEwin to assign the judgment; and they have never received any payment of their judgment, unless the payment to their attorneys be held to be a payment.
In October, 1860, the injunction issued in the Chancery suit at Clarksville, was dissolved, and a decree made, reciting that Brockman & Porter had paid the judgment to Owen, Lane & Dyer; and decreeing that Shepard & Maxwell repay to Brockman & Porter the amount so paid. This decree was paid and satisfied by Shepard & Maxwell.
On the 23d day of May, 1867, Owrnn, Lane & Dyer made a motion against Fosters & McEwin, in the Circuit Court of Davidson County, for failure to pay over the money received by them in this judgment.
On the 15th of July, 1867, Owen, Lane & Dyer issued an execution on their original judgment, against Maxwell and Brockman & Porter, which was paid by Maxwell to the Sheriff; and on September, 28, 1867, he filed the bill in this cause, alleging the above facts, and obtained an injunction restraining the Sheriff from paying the money then in his hands, to Owen, Lane & Dyer.
The motion made by Owen, Lane & Dyer, against Fosters & McEwin, wras dismissed by the plaintiffs therein, on December 17, 1867.
Was this paymant, made to Fosters & McEwin, a satisfaction of the judgment as to Owen, Lane & Dyer> the plaintiffs therein? It is claimed for the judgment *633 creditors, the defendants to this bill, that it was not such a satisfaction, for the reason that the attorneys, Fosters & McEwin, had no authority to make an assignment of the judgment; that the assignment being void, the receipt of the money was, also; and was the act of the attorneys only as individuals, and not as the attorneys of the defendants; that the execution of the assignment and the reception of the money, as the consideration for such assignment, being unauthorized, could not become the acts of the defendants until ratified by them; and that until thus ratified, the right of property in this money, and consequently the risk of its loss, were with those who paid it.
Brockman & Porter, against whom judgment had been taken as indorsers, had the right, with the assent of the judgment creditors, to take an assignment, and to enforce it in the name of the creditors; against Shepard and Maxwell, for their own indemnity: Floyd vs. Goodwin, 8 Yer., 494; Gunn vs. Tannehill, 2 Yer., 544.
But the making of such an assignment is optional with the judgment creditor, who has the right to enforce his judgment by execution against any of the defendants, and can not be compelled to keep his judgment in force, or to assign it to the indorsers as a condition of receiving payment. • ■
If the assignment of the judgment made in this case by Fosters & McEwin, was valid, then the right of Owen, Lane & Dyer to enforce it for their own benefit, is gone, and they must look only to their attorneys, who made the assignment in their names, and received the money for them. And the judgment, in that case, can *634 not be enforced for the benefit of Brockman & Porter, the indorsers and assignees, who have already received full payment from Maxwell.
But an attorney has not, by virtue of general employment as an attorney, and without special authority from his principal, the power to assign a judgment under his charge for collection, or to agree on behalf of his principal that the judgment shall be kept in force, or that execution may issue thereon for the benefit of the indorsers. Baldwin vs. Merrell, 8 Hum., 139.
There is no proof in this record, that Owen, Lane & Dyer, when they sought to recover from Fosters & McEwin the money received by them, knew of the execution of the assignment, and therefore their action against the attorneys could not amount to a ratification of the act of the attorneys in executing the assignment. The assignment of the judgment in this case, must, therefore, be held to be a nullity against the judgment creditors.
But it does not follow from these principles, that the payment of the money to Fosters & McEwin was a nullity as between Brockman & Porter and the judgment creditors. The attorneys had the right to receive the money upon the judgment, in behalf of their principals. It was paid by Brockman & Porter, with the understanding that they were to receive a valid assignment of the judgment to their agent, Henning; and they Avould probably not have paid the money, except upon compulsion, if it had not been for that understanding. But still, it was paid to Fosters & McEwin, as the attorneys of the plaintiffs, and with the expectation and under *635 standing that the payment was for the benefit of the plaintiffs. It was a payment which they, as. judgment-debtors, were legally bound to make, and could be compelled to make; and the legal consideration for the payment was the indebtedness to the plaintiffs in the judgment, and not the expected assignment.
The promise to assign the judgment, if made by the attorneys, without full authority from- their principals, was-purely gratuitous, and without consideration; and the failure of the debtors to receive the expected assignment, did not entitle them to recover back the money paid to the plaintiff's attorney. If a party, a stranger to the judgment, and not liable upon it, had paid money to their attorneys, upon a promise on the part of the attorneys to assign the judgment, and the promise was not kept, or the assignment, when executed, proved to be void, the party paying the money would have had a right to recover it back; because, in such case, the promise to assign was the consideration for the payment. But no such consideration exists where the payment is made by one of the parties liable upon the judgment.
The test is, whether the party paying the money upon a judgment, and in, expectation of an assignment of the judgment to him in consequence of such payment, has the right to recover back the payment, if a valid assignment is not ’made to him. If he has not such right to recover back his payment it follows that the money paid has become the property of the judgment creditor, and the right of such creditor to enforce his judgment is at an end. The agreement between the attorneys and the debtor, that the payment made should not operate as a satisfac *636 tion of the judgment, could not change the legal effect of the transaction: 8 Hum., 139.
It follows that Owen, Lane & Dyer, the judgment creditors, must be held to have received satisfaction of their judgment; and the decree of the Chancellor, perpetually enjoining its collection, and decreeing that the money paid to the Sheriff upon the execution be repaid to Maxwell, must be affirmed, with costs.